# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 15-1385**                                   September Term, 2015

EPA-80FR65292

Filed On: March 9, 2016

Murray Energy Corporation,

      Petitioner

    v.

Environmental Protection Agency,

      Respondent

------------------------------

Consolidated with 15-1392, 15-1490, 15-1491, 15-1494

**BEFORE:** Henderson, Kavanaugh, and Millett, Circuit Judges

## O R D E R

Upon consideration of the joint motion to govern future proceedings, it is

**ORDERED** that the motion be granted. The following briefing format and schedule will apply:

| | |
|---|---|
| Opening Briefs of State Petitioners and Petitioner-Intervenors and Industry Petitioners (not to exceed 19,000 words, shared between two briefs) | April 22, 2016 |
| Opening Brief of Environmental Petitioners (not to exceed 14,000 words) | April 22, 2016 |
| Respondent's Brief (not to exceed 33,000 words) | July 22, 2016 |
| Brief of Industry Respondent-Intervenors (not to exceed 7,750 words) | August 10, 2016 |

United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 15-1385**                                            September Term, 2015

| | |
|---|---|
| Brief of Environmental Respondent-Intervenors (not to exceed 7,750 words) | August 10, 2016 |
| Reply Briefs of State Petitioners and Petitioner-Intervenors and Industry Petitioners (not to exceed 9,500 words, shared between two briefs) | August 29, 2016 |
| Reply Brief of Environmental Petitioners (not to exceed 7,000 words) | August 29, 2016 |
| Deferred Appendix | September 7, 2016 |
| Final Briefs | September 12, 2016 |

The parties will be notified later of the oral argument date and composition of the merits panel.

All issues and arguments must be raised by petitioners in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 41 (2016); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover. See D.C. Cir. Rule 28(a)(8).

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 15-1385**                       **September Term, 2015**

The court reminds the parties that

In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . .  When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

<u>See</u> D.C. Cir. Rule 28(a)(7).

**<u>Per Curiam</u>**

                                         **FOR THE COURT:**
                                         Mark J. Langer, Clerk

                      BY:    /s/
                                           Robert J. Cavello
                                           Deputy Clerk